WO  NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ricky Allen Powell,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-16-01582-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Ricky Allen Powell's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 10, "Pl.'s Br."), Defendant SSA Commissioner's Opposition (Doc. 11, "Def.'s Br."), and Plaintiff's Reply (Doc. 12, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 9, R.) and now affirms the Administrative Law Judge's decision (R. at 21-31) as upheld by the Appeals Council (R. at 1-4).

**I.  BACKGROUND**

Plaintiff filed his Application on March 13, 2013, for a period of disability beginning February 22, 2013. (R. at 21; *see also* R. at 190-200.) Plaintiff's claim was denied initially on July 11, 2013. (R. at 83-87.) Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on June 24, 2014. (R. at 36-72.) On September 25, 2014, the ALJ denied Plaintiff's Application. (R. at 21-31.) On March 25,

2016, the Appeals Council upheld the ALJ's decision. (R. at 1-4.) The present appeal followed.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of obesity, fibromyalgia, shoulder impingement, ulnar neuropathy, carpal tunnel syndrome, arthritis, and radiculopathy (R. at 23), but that Plaintiff has the residual functional capacity ("RFC") to perform his past work as a logistics engineer, such that Plaintiff is not disabled under the Act (R. at 25-30).

**II. LEGAL STANDARD**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ

determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred in weighing certain treating and examining physicians' opinions; and (2) the ALJ erred in finding Plaintiff's testimony less than fully credible. (Pl.'s Br. at 12-23.)

### A. The ALJ Assigned Proper Weight to the Assessments of Plaintiff's Treating and Examining Physicians and Properly Considered the Record as a Whole

Plaintiff first argues the ALJ committed reversible error by assigning inadequate weight to the assessment of one of Plaintiff's medical care providers, Dr. Ethan Flaks. (Pl.'s Br. at 12-18.) An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester v. Chater*, 81 F. 3d 821, 830-31 (9th Cir. 1996)). "Where such an opinion is contradicted, however, it may

be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.*

To the extent that Dr. Flaks's October 9, 2013 assessment of Plaintiff (R. at 593-600) concluded that he had marked limitations using the upper extremities, an inability to sit or stand/walk for more than one hour in an eight-hour workday, and an inability to work "now or in the future," Dr. Flaks's assessment contradicted the June 17, 2013 assessment of examining physician Dr. Elke Lorensen. In her report (R. at 541-44), Dr. Lorensen observed that Plaintiff's gait was normal with and without the use of a cane (which was self-prescribed), he was able to change clothes and move on and off the exam table without problem, his upper and lower extremity strength was 5/5, his hand and finger dexterity was intact, and he had 5/5 grip strength. (R. at 541-44.)

The ALJ found that Dr. Flaks's assessment of Plaintiff's functional capacity was inconsistent with reliable portions of the medical record, including Dr. Lorensen's report. (R. at 26-29.) Specifically, the ALJ found (1) Dr. Flaks's assessment is based almost entirely on Plaintiff's subjective reports, and the treatment notes contain very few objective physical findings; (2) Dr. Flaks is not a specialist in any of the conditions Plaintiff suffers from; (3) Dr. Flaks rarely saw Plaintiff for treatment, but rather saw him in the context of workers' compensation claims and for documenting purposes; and (4) Plaintiff's treatment has been almost entirely with narcotic medication, including 12 75-milligram Percocet tablets a day, but not spinal or other surgery or care by a specialist such as an orthopedic surgeon—indeed, when Plaintiff was referred for orthopedic treatment for chronic pain and neurological treatment for carpal tunnel syndrome, Plaintiff refused to seek specialized treatment. (R. at 26-29.) Providing specific references to the medical record, the ALJ gave legitimate reasons supported by the record as a whole for discounting Dr. Flaks's assessment, and the Court thus cannot find that the ALJ erred in her consideration of Dr. Flaks's opinions. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989)) (finding that the ALJ gave sufficiently specific and legitimate reasons for rejecting

a treating physician's assessment by noting that the assessment was not supported by clinical findings and was based on the claimant's subjective complaints).

Plaintiff also argues that the ALJ erred in discounting the impairment assessment of Dr. Brian Briggs, a state examining physician. (Pl.'s Br. a 17-18.) In fact, the ALJ credited some of Dr. Briggs's conclusions. The ALJ noted with agreement that Dr. Briggs reported Plaintiff had seen multiple medical care providers but had almost no coordination of care and Plaintiff had not followed up with specialists regarding carpal tunnel syndrome; chronic pain including back, foot and leg pain and radicular pain; or emphysema. (R. at 29.) But when Dr. Briggs credited Plaintiff's subjective reports of pain as the basis for his conclusions that Plaintiff could stand/walk for one hour and sit for four hours in an eight-hour work day, the ALJ questioned the conclusions because Dr. Briggs did not account for Plaintiff's failure to seek treatment for his chronic pain. (R. at 29.) The ALJ also cited specific examples and concluded that Dr. Briggs's findings regarding Plaintiff's limitations were inconsistent with the objective medical record. (R. at 29.) The ALJ thus provided sufficiently specific and legitimate reasons to discount portions of Dr. Briggs's assessment. *See Tonapetyan*, 242 F.3d at 1149. For all these reasons, the ALJ did not err in weighing the assessments of Plaintiff's treating and examining physicians, and her conclusions were supported by substantial evidence considering the record as a whole. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040-42 (9th Cir. 2008).

### B. The ALJ Properly Weighed Plaintiff's Testimony

Plaintiff also argues that the ALJ erred in her consideration of Plaintiff's symptom testimony. (Pl.'s Br. at 18-23.) While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an

underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because "pain testimony may establish greater limitations than can medical evidence alone." *Id.* The ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony, but that cannot form the sole basis for discounting the testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony.

Plaintiff testified that he suffers from pain that makes it difficult for him to drive more than a mile; grip and hold items; remember things; or walk, stand or sit for long periods. (R. at 25.) He can take care of himself and can, for example, microwave food for meals and do laundry if he takes breaks. (R. at 25.) He spends most of his time lying down, but he is able to watch television, read, and go out to church, the movies or dinner. (R. at 28.)

The ALJ discounted certain subjective symptom testimony for some of the same reasons as discussed above—Plaintiff's failure to seek specialized treatment and the inconsistencies between his subjective reports and objective treatment records. As noted above, the Court cannot find that the ALJ erred in considering that, although Plaintiff reports pain from a number of impairments—including chronic back pain, leg and foot pain, radicular pain, and carpal tunnel syndrome—Plaintiff has neither sought treatment for those impairments other than prescriptions for opioid medications nor seen a specialist such as an orthopedic doctor or neurologist. (R. at 26, 29.) Moreover, while Plaintiff has reported difficulty walking, objective clinical findings have not corroborated that report. (R. at 27-29.) By identifying these inconsistencies as a factor in her credibility determination, the ALJ provided a clear and convincing reason to discount certain symptom testimony. *See Tommasetti*, 533 F.3d at 1039-40 (finding the claimant's "pain was not as all-disabling as he reported in light of the fact that he did not seek an

aggressive treatment program and did not seek an alternative or more-tailored treatment program"); *Burch*, 400 F.3d at 680-81 ("That [claimant's] pain was not severe enough to motivate [him] to seek these forms of treatment, even if [he] sought some treatment, is powerful evidence regarding the extent to which [he] was in pain." (internal quotations omitted)).

Likewise, the ALJ's comparison of Plaintiff's testimony regarding performing daily tasks and his symptom testimony was not improper. *See Tommasetti*, 533 F.3d at 1039-40; *Burch*, 400 F.3d at 680-81. The ALJ specifically noted inconsistencies in Plaintiff's reports regarding his ability to walk, sit, stand, take care of himself, and drive over the relevant time period, which diminished his credibility. (R. at 28.) Moreover, although Plaintiff testified he has trouble using his hands to grip or hold anything and using his upper extremities to lift anything, he also testified that he completes household chores, including cooking, bathing, grooming, and doing laundry. (R. at 25-28.) These inconsistencies are also a specific, clear and convincing reason for the ALJ to discount certain symptom testimony. *See Tommasetti*, 533 F.3d at 1039-40; *Burch*, 400 F.3d at 680-81. As a result, the ALJ did not err in weighing Plaintiff's testimony in determining his functional capacity.

## IV. CONCLUSION

Plaintiff raises no error on the part of the ALJ, and the SSA's decision denying Plaintiff's Application for Supplemental Security Income benefits under the Act was supported by substantial evidence in the record.

IT IS THEREFORE ORDERED affirming the September 25, 2014 decision of the Administrative Law Judge, (R. at 21-31), as upheld by the Appeals Council on March 25, 2016, (R. at 1-4).

. . . .

. . . .

. . . .

. . . .

1   IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 26th day of September, 2017.

*[signature]*
Honorable John J. Tuchi
United States District Judge